451 So.2d 1229 (1984)
REAL ESTATE SERVICES, INC.
v.
Charlie BARNES.
No. CA-1600.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1984.
*1230 Steven J. Koehler, Stephen J. Simone, Metairie, for appellee.
Vince A. Bartholomew, New Orleans Legal Assistance Corp., New Orleans, for appellant.
Before GULOTTA, BARRY and WILLIAMS, JJ.
GULOTTA, Judge.
In this appeal by a lessee from a judgment of eviction, the sole issue is whether the landlord's rule for possession was filed in retaliation for the lessee's resort to legal counsel to obtain necessary repairs to the leased premises. We affirm.
One month after moving into her apartment in January, 1983, Charlie Barnes, the lessee, experienced problems with the premises, including flooding, rodent infestation, defective doors, floors and ceilings, and inadequate electrical outlets. After lessor's agent, Real Estate Services, Inc. (RESI), failed to repair the deficiencies to her satisfaction, Barnes consulted an attorney who sent a certified letter to RESI on September 23, 1983, specifying the defects and demanding that all repairs be made or else plaintiff would deduct their cost from her rent. On September 30, 1983, RESI served Barnes with a notice to vacate, and subsequently filed a rule for possession.
On November 3, 1983, the trial judge ordered Barnes to vacate the premises. In well written reasons for judgment, the trial judge concluded that the property was in need of a "multitude" of "immediate and necessary major repairs" and that it was necessary for Barnes to vacate because "there could be safety factors, security and property damage problems" if she continued to live in the apartment during the repair.
Appealing, Barnes contends the trial court erred in finding that the eviction was not in retaliation for a request for substantial repairs. Alternatively, the lessee contends no necessity exists to vacate the premises since the repairs can be made during her daily absence from the apartment between 7 a.m. and midnight. Lessee claims also she is willing to suffer the inconvenience. We disagree.
Barnes' argument that the eviction constitutes an "abuse of rights" by the lessor in retaliation for her resort to legal counsel is without merit. The main criteria for applying the abuse of rights doctrine are: 1) exercise of rights exclusively for the purpose of harming another or with the predominant motive to cause harm; 2) the non-existence of a serious and legitimate interest that is worthy of judicial protection; 3) use of the right in violation of moral rules, good faith or elementary fairness; or 4) exercise of the right for a purpose other than for which it was granted. Illinois Cent. R. Co. v. International Harvester, 368 So.2d 1009 (La.1979); Morse v. J. Ray McDermott & Co., Inc., 344 So.2d 1353 (La.1977); Housing Auth. of City of Abbeville v. Hebert, 387 So.2d 693 (La.App. 3rd Cir.1980). The record supports the trial judge's conclusion that Barnes retaliatory eviction argument is "unfounded".
Raymond Eberhardt, agent and area maintenance supervisor for RESI, testified that the electrical system of the leased residence is "falling off" the exterior, and that power would have to be turned off to make the repairs. His testimony that the house was "not fit for anyone to live in" is supported by the plaintiff's own testimony and her attorney's letter of complaint listing numerous other major defects in the apartment. Further evidence of the severity of the problems was Eberhardt's statement that even before the complaints by Barnes' attorney, RESI had received correspondence from the City indicating an intention *1231 to condemn the property if repairs were not made.
Like the trial judge, we recognize that the tenant may have interpreted the notice to vacate as "retaliatory" because it so closely followed her attorney's demand letter. Nonetheless, when we consider the seriousness of the defects in the property, together with the landlord's eviction of another tenant in the building in addition to defendant, we cannot say the landlord filed the rule for possession solely to harass defendant. The possible "safety factors, security and property damage problems" recognized by the trial judge serve as substantial grounds for the landlord to evict the tenants prior to making the extensive repairs to further his serious and legitimate interests of preserving his property and the safety of his tenants. Under these circumstances, the "abuse of rights" doctrine does not apply.
Similarly, again considering the extent of the defects and the magnitude of the repairs to be undertaken, we find no error in the trial judge's conclusion that the tenant cannot continue to live in the apartment during the repair work. Eberhardt testified that the repairs cannot be made with a tenant residing in the building. Barnes' absence from the apartment for most of the day does not entitle her to live for any length of time in an uninhabitable residence undergoing major work that may endanger her safety.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.