LINDSAY, Judge.
Plaintiff, Richard C. Baker, appeals the declaratory judgment of the trial court in favor of the defendant, Claude M. Baker, Jr., finding that a codicil to the will of the decedent, Pearl Baker, did not revoke the Pearl Baker Trust. We affirm.
FACTS
Pearl Baker was first married to L.E. Hart. No children were born of the marriage, but Mr. Hart had two sons from a previous marriage, Leon C. and Henry K. Hart. After Mr. Hart’s death, Pearl Baker married Dr. Claude M. Baker. No children were born of the marriage, but Dr. Baker had two sons from a previous marriage, Claude M. Baker, Jr. and Richard C. Baker. Dr. Baker died April 15, 1975. Before his death he created irrevocable trusts for each of his sons. On August 1, 1974, prior to Dr. Baker’s death, Pearl Baker executed a will leaving all her community property to her husband.
After Dr. Baker’s death, Pearl Baker executed a codicil to her will in which she left all the property previously bequeathed to her husband in equal parts to the trusts which Dr. Baker had created for his sons, the Claude M. Baker Trust for Claude M. Baker, Jr. and the Claude M. Baker Trust for Richard C. Baker.
On April 15, 1976, Pearl Baker created the Pearl Baker Trust, a revocable trust with Richard C. Baker and Vernon Shaffer as trustees. In this trust she designated herself as the income beneficiary and named the trusts created by Dr. Claude M. Baker for each of his sons as principal beneficiaries. The corpus of the trust consisted of certain enumerated stock. Ownership of his stock was transferred to the trustees. The instrument creating the trust provided that upon Mrs. Baker’s death, the corpus of the trust should be delivered to the principal beneficiaries. The trust instrument also contained a paragraph that indicated that since the trust instrument disposed of property, it was meant to be a will.
Pearl Baker subsequently executed second and third codicils to her will leaving certain property to Leon C. and Henry A. Hart. However, these bequests were later modified in the sixth codicil to her will.
On May 21, 1982, Pearl Baker made a fourth codicil which was entirely revoked by the fifth codicil.
In the fifth codicil, which raises the issues presented in this case, Pearl Baker stated that in her will dated August 1, 1974, and in subsequent codicils to that *892 will, she had willed and bequeathed a certain portion of her estate to the Claude M. Baker Trust for Claude M. Baker, Jr. The codicil then stated that the bequest was amended and changed to bequeath the property to Richard C. Baker.[1]
Following Pearl Baker’s death on February 29, 1984, Richard Baker was named executor of the estate. Richard Baker, Leon C. Hart, and Henry K. Hart filed a joint petition for possession. Leon C. Hart & Henry K. Hart alleged they were particular legatees and entitled to property described in the testament and codicils of the decedent. Richard Baker alleged the Claude M. Baker Trust for Richard C. Baker and Richard C. Baker were entitled to possession of the remainder of the succession property. A descriptive list was filed with the petition which included the stock forming the corpus of the Pearl Baker Trust. A judgment of possession was entered placing petitioners in possession of the succession property. Following the judgment of possession, Richard Baker sought to sell the stock from the Pearl Baker Trust. Since the stock was in the name of the Pearl Baker Trust, the stock broker handling the sale questioned the proper recipient of the sale proceeds. Richard Baker then filed suit for declaratory judgment, contending that the trust established by Pearl Baker was a mortis causa disposition of property, and therefore the fifth codicil to her will revoked the bequest to the Claude M. Baker Trust for Claude M. Baker, Jr., which was contained in the trust instrument, thereby leaving all the stock to Richard Baker. Claude Baker, Jr. answered and asserted by reconventional demand that one-half the stock of the Pearl Baker Trust belonged to the Claude M. Baker Trust for Claude M. Baker, Jr. and its ownership should be recognized.
The case was submitted to the trial court on a joint stipulation of facts and introduction of documentary evidence. The parties stipulated: (1) Claude M. Baker died April 15, 1975 (2) Pearl Baker died February 29, 1984 (3) the Claude M. Baker Trusts for Claude M. Baker, Jr. and Richard C. Baker were not terminated prior to the death of Claude M. Baker (4) at Pearl Baker’s death, the Pearl Baker Trust contained stock valued at $269,427.12, Richard Baker sold the stocks for that amount and his sale of this stock subsequently was ratified by the other trustee, Vernon Shaffer (5) unless revoked by the codicils to the will of Mrs. Pearl H. Baker, the Pearl H. Baker Trust has not been revoked.
TRIAL COURT JUDGMENT
The trial court found the Pearl Baker Trust was an inter vivos trust created upon its execution, and that title to the stock forming the corpus vested in the trustees. Upon Mrs. Baker’s death, the trust property passed to the principal beneficiaries, the Claude M. Baker Trusts for each of his sons. The court found the codicil to Mr. Baker’s will did not revoke the Pearl Baker Trust and held that the Claude M. Baker Trust for Claude M. Baker, Jr. was entitled to one-half the proceeds of the stock sale.
ASSIGNMENTS OF ERROR
Richard Baker appealed suspensively, arguing that the Pearl Baker Trust was a last will and testament subject to modification or revocation. He argues the fifth codicil to Pearl Baker’s original will operat *893 ed to modify the Pearl Baker Trust and removed the Claude M. Baker Trust for Claude M. Baker, Jr. as a principal beneficiary, resulting in that portion of the trust property being willed and bequeathed to Richard C. Baker. He also objects to the signing of the judgment by the trial court on a reconventional demand upon which issue had not been joined. We find these arguments to be meritless and affirm the trial court judgment.
The trial court, in its excellent and scholarly written opinion, clearly sets forth the reasons for its judgment. We agree with that reasoning.
The Louisiana Trust Code defines trusts and classifies them as inter vivos or testamentary. A trust is the relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another. LSA-R.S. 9:1731. A testamentary trust is created by a donation mortis causa, regulated by the laws for donations mortis causa, and is created at the moment of the settlor’s death. LSA-9:1733, 1751, 1821.
All trusts that are not testamentary are inter vivos. LSA-R.S. 9:1734. An inter vivos trust is created when the trust instrument is executed. LSA-R.S. 9:1822.
As stated by the trial court in its written opinion, the Pearl Baker Trust was created upon the execution of the trust instrument. The wording of the trust instrument states that the corpus was delivered to the trustees and Pearl Baker, as income beneficiary, became immediately entitled to income from the trust. The trust was to expire on the death of Pearl Baker, unless she terminated it earlier. The parties stipulated that the trash was not revoked during the lifetime of Pearl Baker. At her death, the principal beneficiaries, the Claude M. Baker Trust for Claude M. Baker, Jr. and the Claude M. Baker Trust for Richard C. Baker became entitled to the corpus of the trust. Even though the instrument creating this trust contained language stating it was intended to be a will or testament because it contained dispositions of property to take effect upon death, it did not thereby immediately become a testamentary trust, and it may not be properly classified as such. This was an inter vivos trust and not a testamentary trust. Because title to the stock forming the corpus of the trust was vested with the trustees, and not with Pearl Baker at the time of her death, the stock is not a part of the estate of Pearl Baker.
Revocation of trusts is governed by LSA-R.S. 9:2051. Revocation must be by authentic act or by act under private signature duly acknowledged. A copy of a revocation must be received by the trustees to be effective as to the trustees. As pointed out by the trial court, there is no showing in the record that either trustee of the Pearl Baker Trust received a copy of the fifth codicil to the will, if that was meant to be a revocation of the trust. In addition, the wording of the fifth codicil to Pearl Baker’s will indicates that it is to apply to her original will dated August 1, 1974. The codicil makes no mention of the Pearl Baker Trust.
For the reasons stated above, we agree with the trial court that the Pearl Baker Trust was an inter vivos trust which was never revoked; the property in question here was the property of the trust, which was not affected by the fifth codicil to the will of Pearl Baker. Upon the death of Mrs. Baker, the corpus of the .trust was to be distributed to the principal beneficiaries in accordance with the terms of the trust instrument. Therefore, the Claude M. Baker Trust for Claude M. Baker, Jr. is entitled to be recognized as owner of one-half of the trust assets, which are not part of Mrs. Baker’s succession.
In his original assignments of error, the plaintiff objected to the trial court’s signing of the judgment on the reconven-tional demand because he had not filed an answer and issue had not been joined. The jurisprudence holds that failure to join issue by filing an answer or the entering of a preliminary default is waived where the parties proceed to trial on the merits with *894 out objection. Blake v. Blake, 478 So.2d 617 (La.App.2d Cir.1985). Manuel v. Broderson, 298 So.2d 333 (La.App.3d Cir.1974); Reynolds v. Reynolds, 228 So.2d 182 (La.App.3d Cir.1969). The present case was submitted to the trial court for decision on a stipulation and the filing of documents into evidence. Plaintiff and defendant in reconvention, Richard C. Baker, never objected to setting the reconventional demand for trial or to taking evidence on the recon-ventional demand. Therefore any objection to the requirement of an answer to the reconventional demand or the timely entering of a preliminary default against him was waived.
Accordingly, the judgment of the trial court is affirmed at the cost of appellant, Richard C. Baker.
AFFIRMED.

. The fifth codicil to the Last Will & Testament of Pearl H. Baker reads as follows:
I, Pearl H. Baker, domiciled in Minden, Webster Parish, Louisiana, make this Fifth Codicil to my Last Will and Testament.
I.
In addition to the bequests contained in my Last Will and Testament dated August 1, 1974, and the codicils thereto which are dated June 20, 1975, December‘23, 1976, January 20, 1977 and May 21, 1982, I make the following changes, additions and bequests:
A. I revoke in its entirety the Fourth Codicil to my Last Will and Testament.
B. In my previous will and codicils thereto I have willed and bequeathed a certain portion of my estate to THE CLAUDE M. BAKER, SR. TRUST FOR CLAUDE M. BAKER, JR. or, in the event that this Trust has terminated, directly to Claude M. Baker, Jr. I now wish to amend and change this bequest, and I do hereby will and bequeath this property to Richard C. Baker.