489 So.2d 274 (1986)
John MASCARO, Bern Mas Apartments
v.
Bright WOKOCHA.
No. CA-4671.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1986.
*275 Herman, Herman, Katz & Cotlar, Russ M. Herman, Robert C. Wallace, New Orleans, for plaintiff.
Sonje Wilkerson, New Orleans Legal Assistance Corp., New Orleans, for defendant.
Before GULOTTA, WILLIAMS and ARMSTRONG, JJ.
GULOTTA, Judge.
The defendant tenant appeals from the trial court's judgment ordering eviction. We affirm.
Bright Wokocha contends that his eviction (on this month to month lease) was based solely on race thereby constituting a violation of the Civil Rights Act (42 U.S. C.A. § 1981 & § 1982) and the Fair Housing Act (42 U.S.C.A. § 3601 et seq.). According to the tenant, shortly before eviction proceedings were commenced, John Mascaro (apparently the manager of the plaintiff apartments) gained entrance into the apartment with a pass-key and addressed racial slurs to the defendant in the presence of the defendant's wife.
Relying on Illinois Central Gulf Railroad Company v. International Harvester Company, 368 So.2d 1009 (La.1979) and Housing Authority of City of Abbeville v. Hebert, 387 So.2d 693 (La.App. 3rd Cir. 1980), writ denied 394 So.2d 275 (La.1980), defendant claims his eviction was a violation of the Louisiana recognized Abuse of Rights Doctrine.[1]
The trial judge, in pertinent part, assigned as reasons for granting the eviction that the landlord obtained possession of the premises simply "because he desires possession and the lease has terminated."
Based on a credibility determination, we cannot say the trial judge erred. Mascaro testified that the reason for the eviction was because of his concern for fire hazards and because of defendant's refusal to allow him to gain entrance when he was concerned with smoke coming from the apartment. It is apparent from the reasons assigned by the trial judge, considering Mascaro's testimony and the tenant's testimony, supported by his wife, that the trial judge concluded the eviction was not based on race. We cannot conclude that the trial judge erred or that defendant has established a violation of the Abuse of Rights Doctrine. Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] The criteria for applying this doctrine have been set forth by our courts substantially as follows: "... 1) exercise of rights exclusively for the purpose of harming another or with the predominant motive to cause harm; 2) the non-existence of a serious and legitimate interest that is worthy of judicial protection; 3) use of the right in violation of moral rules, good faith or elementary fairness; or 4) exercise of the right for a purpose other than for which it was granted." Real Estate Services, Inc. v. Barnes, 451 So.2d 1229 (La.App. 4th Cir.1984). See also Illinois Central Gulf Railroad Company v. International Harvester Company, supra and Housing Authority of City of Abbeville v. Hebert, supra.