496 So.2d 428 (1986)
John MASCARO
v.
Sikikat HUDSON.
No. CA-5784.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
Rehearing Denied November 19, 1986.
Stephen H. Burrington, New Orleans Legal Assistance Corp., New Orleans, for appellant.
Russ M. Herman, Robert C. Wallace, Fred L. Herman, Herman, Herman, Latz & Cotlar, New Orleans, for appellee.
Before GARRISON, CIACCIO and LOBRANO, JJ.
LOBRANO, Judge.
This appeal arises out of an eviction proceeding brought by John Mascaro against his tenant, Sidikat Hudson. The trial court granted the eviction.
It is uncontested that the tenant had an oral month to month lease on the subject premises, and that Mascaro gave proper notice that the lease would not be renewed beyond April 30, 1986. Hudson's failure to vacate prompted this eviction rule.
Hudson perfects this appeal asserting that the eviction rule, although procedurally and substantively proper, should be dismissed. She asserts that she should be allowed to maintain possession of the premises because the landlord's decision not to renew the lease was based on Hudson's nationality as a Nigerian citizen, and therefore constitutes a violation of the Fair Housing Act, 42 U.S.C. § 3601, et seq. She also asserts a violation of the Abuse of Rights doctrine recognized in Louisiana. Hudson is in this country as a student.
Code of Civil Procedure Articles 4701 thru 4705, and 4731 thru 4735 provide a summary process for the eviction of a lessee *429 by a lessor when a lease expires by its own terms. Vicknair v. Watson-Pitchford, 348 So.2d 695 (La.App. 1st Cir.1977). Our jurisprudence has consistently held that a summary eviction involves the single issue of whether a lessor is entitled to the possession of the leased premises. Mouton v. P.A.B., Inc., 450 So.2d 410 (La.App. 3rd Cir.1984). Furthermore, a defendant in an eviction rule cannot interject other issues which would convert the summary proceedings into an ordinary proceeding. Vicknair, supra.
These jurisprudential rules however, do not preclude a tenant from asserting defenses which are germane to the question of the landlord's right of possession. See, La.C.C.Pro. Art. 4732; Meraux & Nunez v. Houck, 202 La. 820, 13 So.2d 233 (1943). Despite argument to the contrary, we conclude that the defenses raised by Hudson in this case can be used in a summary eviction proceeding. That conclusion would be different, however, if Hudson sought some affirmative relief other than the right to remain on the premises.
The Fair Housing Act provides in pertinent part:
"... it shall be unlawful ... to refuse to rent ... or otherwise make unavailable or deny, a dwelling to a person because of race, color, religion, sex or national origin." 42 U.S.C. § 3604.

Louisiana's "Abuse of Rights Doctrine" requires a showing of the following criteria: (1) exercise of rights exclusively for the purpose of harming another or with the predominant motive to cause harm; (2) The non-existence of a serious and legitimate interest that is worthy of judicial protection; (3) use of the right in violation of moral rules, good faith or elementary fairness; or (4) the exercise of the right for a purpose other than for which it was granted. Illinois Central Gulf Railroad Company v. International Harvester Company, 368 So.2d 1009 (La.1979); Real Estate Services, Inc. v. Barnes, 451 So.2d 1229 (La.App. 4th Cir.1984).
Hudson's defense of discrimination rests on her own testimony, that of her fiancee', and that of a friend, Bright Wokocha. Basically, they testified that on several occassions Mascaro remarked that he was going to get rid of all the Nigerians in his apartment complex. There is no question his remarks, as they appear in the testimony of these witnesses, were derogatory and insulting.
However, the record also shows that Hudson was late in her rent on several occasions. During a two month period when Hudson was visiting her family in Nigeria, Mascaro, through his employee, allowed Hudson's fianceé to pay $85.00 less than the full amount of the rent owing until Hudson's return. The record shows that a month previous to the instant eviction proceedings, Mascaro had filed another eviction suit against Hudson, but accepted the rent on the date of trial, with the understanding that she would have to vacate at the end of the next month. She did not.
The trial court, after hearing the testimony of the witnesses, concluded:
"There were many words said between all the parties, apparently. The plaintiff came into contact, I think, with most of your witnesses at some point in time in the past before this thing came up. There is no doubt there has been a disagreement, but I don't think you have amply proved that he discriminated against these people.
Look, if he discriminated against them, then he can't put them out, but from what I have heard from the testimony from your client, as well as the witnesses, I personally don't believe that he discriminated against these people, honestly."
Based on our review of the record, we cannot say that the trial court was manifestly erroneous in its conclusion. His recognition of the law that prohibits discrimination in renting dwelling is correct, and was properly applied in this case.
*430 We also conclude that the evidence fails to establish a defense of abuse of rights. It is clear under Louisiana law, that the owner, at the expiration of a lease, whether month to month, or a fixed term, has the right to demand possession of his property without giving any reason. The record does not show that Mascaro exercised his right for the purpose of harming the defendant, or for a purpose other than for which it was granted. His language and attitude toward defendant may not have been in the best of taste, but that does not constitute abusing his legal right to possession.
For the above and foregoing reasons, the judgment of the lower court is affirmed.
AFFIRMED.