618 So.2d 672 (1993)
John L. McINNIS, III, as Administrator of the Estate of the Minor Child, John Dennard McInnis, Plaintiff-Appellant,
v.
John L. McINNIS and Rosalie Elam McInnis, Defendants-Appellees.
No. 24,772-CA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1993.
*673 Kneipp & Hastings by Donald L. Kneipp, Monroe, for plaintiff-appellant.
Campbell, Campbell & Johnson by John T. Campbell, Minden, for defendants-appellees.
Before HIGHTOWER, STEWART and WILLIAMS, JJ.
HIGHTOWER, Judge.
This is an appeal from a summary judgment of dismissal, after the trial court found an inter vivos trust validly revoked, and from the granting of a judgment to strike the supplemental demands of the principal beneficiary's parents, who allege that the revocation caused them "emotional *674 distress, humiliation, and embarrassment." For the reasons hereinafter stated, we modify and affirm.

Facts and Procedural Background
In January 1990, John and Rosalie McInnis, the grandparents of John Dennard McInnis, created the "John L. McInnis Trust for John Dennard McInnis," with the corpus being formed by the conveyance of certain timberland. In addition to naming the grandparents as both settlors and income beneficiaries, and designating the grandchild as principal beneficiary, the trust instrument created separate inter vivos trusts for three other grandchildren, while pertinently stating in Section 5.2 that:
At any time the SETTLORS may, by signed instrument delivered to the TRUSTEES, revoke one or more of these trusts, amend one or more of the trusts in any manner, or withdraw any property from one or more of the trusts....
Another provision, Section 5.9, allowed additions to the trust, as well as amendments, substitution, or withdrawals of properties.
Almost two years later, on December 31, 1991, the settlors revoked by authentic act the trust in favor of Dennard and reinvested themselves with the title to the previously designated property, all without affecting the three remaining trusts. Soon thereafter, the child's father, John McInnis, III, as administrator of the minor's estate, filed suit seeking to have the revocation declared invalid. He asserted that the grandparents had established the corpus by a gratuitous donation, and that Louisiana law limited the circumstances wherein such a gift could be revoked. More specifically, plaintiff contended that, as part of the Louisiana Trust Code, LSA-R.S. 9:2043 precludes the revocation of a gratuitous disposition to a trust except for those reasons specified in the general law of donations.[1] Continuing, the father's petition noted that LSA-C.C. Art. 1559 affords only the following causes for revoking donations inter vivos: (1) the ingratitude of the donee; (2) the nonfulfillment of the eventual conditions, which suspend their consummation; (3) the nonperformance of the conditions imposed on the donee; and, (4) the legal or conventional return.
The grandparents responded to the petition with a motion for summary judgment. While conceding that none of the grounds enumerated in Civil Code Article 1559 existed, they nevertheless asserted that the trust instrument embodied an unrestricted right of revocation, and that plaintiff's suit should be dismissed as a matter of law. Likewise, defendants declined to answer deposition questions concerning their motivation for revoking the trust. When the district court refused to compel a response, this court denied plaintiff's application for supervisory writs. McInnis v. McInnis, No. 24,341-CW (La.App. 2d Cir. May 28, 1992).
Thereafter, but before the hearing on the motion for summary judgment, John McInnis, III, and his wife (the "McInnises"), appearing in their individual capacities, supplemented the petition to assert their own claim for damages. These pleadings essentially averred that, even if the grandparents validly retained the right to revoke, in this instance the sole motivation behind the revocation decision "was to inflict emotional and mental distress upon the McInnises;" and that defendants should answer for any harm so caused by their actions. To the supplemental petition, the grandparents filed a motion to strike and for summary judgment of dismissal.
After a hearing, the district court found the revocation to be valid. In a written opinion, after initially observing that LSA-R.S. 9:2041 provides for a settlor's reservation of the right to revoke a trust, the *675 district judge concluded that LSA-R.S. 9:2043 controls only those
situations where the Settlor did not reserve the right to revoke, but may do so under the general law of donations. In other words, if a Settlor made a gratuitous donation in trust and did not reserve the right to revoke and the beneficiary was guilty of ingratitude, etc. then the Settlor should at least have the same rights he would have under the Civil Code to revoke the trust.
The lower court additionally determined that the separate claim, described by the McInnises as being for "abuse of rights," did not apply to the situation presented.
This appeal, by plaintiffs, ensued.

Discussion
Of course, a motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; American Bank v. Saxena, 553 So.2d 836 (La.1989); Hartford Accident & Indemnity Co. v. Joe Dean Contractors, Inc., 584 So.2d 1226 (La.App. 2d Cir.1991). The burden of proof is on the mover to establish there are no genuine issues of material fact; only when reasonable minds must inevitably concur is summary judgment warranted. American Bank, supra; Hartford, supra. Indeed, the mover's pleadings, affidavits, and documents are to be closely scrutinized while those of the opponent are to be indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Hartford, supra.
LSA-R.S. 9:1731, in our Louisiana Trust Code, defines a trust as "the relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another." Inherent within this body of law is the concept of trust indestructibility, Albritton v. Albritton, 600 So.2d 1328 (La. 1992); Richards v. Richards, 408 So.2d 1209 (La.1981), and the protection of the trust instrument from any modification or termination contrary to the settlor's clearly expressed intent, Albritton, supra. So too, our trust code delineates the right and manner by which a trust may be modified, revoked or terminated. See LSA-R.S. 9:2021-2029, 2041-2046. As noted in Oppenheim and Ingram, 11 Louisiana Civil Law Treatise-Trusts, § 311 at 333 (1977), revocation may occur in these instances: (1) where the settlor reserves the right to revoke the trust; (2) where the settlor reserves the unrestricted right to modify the trust; and, (3) where grounds exist to revoke a donation under the general law of donations. See also LSA-R.S. 9:2051; Succession of Baker, 480 So.2d 890 (La.App. 2d Cir.1985), writ denied, 484 So.2d 669 (La.1986), indicating that the revocation shall be by authentic act or by act under private signature duly acknowledged.[2]
Here, Section 5.2 of the trust instrument clearly evinces the settlors' reservation of the power to revoke or amend at any time. Such an unrestricted right is absolute. Furthermore, we agree with the district judge that, even as to a settlor who has not retained a right to revoke or modify, LSA-R.S. 9:2043 minimally permits revocation when authorized under the Civil Code. Accordingly, there existing no genuine issue of material fact in reference to defendants' reserved authority to revoke the trust, the lower court correctly granted summary judgment as a matter of law.
As previously mentioned, the amended petition also purportedly stated an action in damages on behalf of the parents of the principal beneficiary of the revoked trust. Both at hearing and on appeal, they characterized their claim as premised upon the "abuse of rights" theory. The district *676 court, upon finding the doctrine inapplicable in the case sub judice, granted the motion to strike such demands.
Because the "abuse of rights" approach would render unenforceable a party's otherwise judicially protected rights, the doctrine is sparingly invoked in Louisiana. Indeed, the theory has found application only when one of the following conditions has been met: (1) if the right is exercised for the predominant motive of causing harm; (2) if there exists no serious or legitimate interest for exercising the right; (3) if the exercise of the right is against moral rules, good faith, or elementary fairness; or, (4) if the right is exercised for a purpose other than that for which originally conferred. Massachusetts Mut. Life Ins. v. Nails, 549 So.2d 826 (La. 1989); Illinois Central Gulf Railroad Co. v. International Harvester Co., 368 So.2d 1009 (La.1979). See also Cueto-Rua, Abuse of Rights, 35 La.L.Rev. 965 (1975). More importantly, cases dealing with this civilian concept typically concern the limited situation involving the holder of a contractual right and a litigant against whom that right has been directly but nonetheless, it is alleged, harmfully exercised. See, e.g., Massachusetts Mut. Life Ins., supra; Illinois Central Gulf Railroad Co., supra; Ouachita Nt. Bk. in Monroe v. Palowsky, 554 So.2d 108 (La.App. 2d Cir.1989); American Waste v. Sanitary Landfill Com'n., 578 So.2d 541 (La.App. 3d Cir.1991), writ denied, 581 So.2d 694 (La. 1991); Fidelity Bk. and Trust Co. v. Hammons, 540 So.2d 461 (La.App. 1st Cir.1989), writ denied, 544 So.2d 402 (La.1989); Ballaron v. Equitable Shipyards, Inc., 521 So.2d 481 (La.App. 4th Cir.1988), writ denied, 522 So.2d 571 (La.1988).
In the case at hand, inasmuch as the McInnises are clearly not a party to the trust agreement, their right to assert a claim arising from the revocation is immediately cast into question. Put more directly, for a settlor to exercise his power to revoke a trust validly does not constitute an abuse of rights with respect to third parties.
We, of course, are mindful of the motion to strike language utilized by both the defendants and the trial court in regard to the abuse of rights allegations. Nonetheless, this court may notice on its own motion the exception of no right of action. LSA-C.C.P. Art. 927; Soma Enterprises v. DOTD, 584 So.2d 1243 (La.App. 2d Cir.1991), writ denied, 589 So.2d 1055 (La.1991). An inquiry, in that respect, concerns whether the plaintiff belongs to a class for which the law grants a remedy for a particular grievance, or has an interest in judicially enforcing the right asserted. Duplessis Cadillac, Inc. v. Creative Credit Services, Inc., 597 So.2d 1155 (La. App. 1st Cir.1992).
As previously indicated, we decline to extend the scope of the asserted theory in such a manner as to allow parents of a child whose trust has been validly revoked by the settlor to claim the act constituted an "abuse of rights." Accordingly, John III and Helen McInnis, plaintiffs, are simply not among the class to whom the law grants a remedy.

Conclusion
Thus, at plaintiffs' cost, we affirm the rejection of plaintiffs' demands. To the extent modification of the judgment is necessary to conform to these reasons, we so modify and, as modified, affirm.
MODIFIED AND AFFIRMED.
NOTES
[1] LSA-R.S. 9:2043 states:

An onerous disposition in trust may be rescinded for the causes and under the limitations specified in the general law of contracts. A gratuitous disposition may be revoked for the causes and under the limitations specified in the general law of donations, whether or not the right to revoke has been reserved. For this purpose every disposition in favor of a particular beneficiary shall be treated as a separate donation or contract, as the case may be.
[2] The "Revocation of Trust," attached to the motion for summary judgment, appears to comply with LSA-C.C. Art. 1833. Nevertheless, at the hearing, plaintiffs argued that execution actually had not transpired by authentic act. While the district judge allowed additional time for the taking of depositions of the notary and witnesses, the record before us contains no such testimony.