646 So.2d 510 (1994)
Kenneth J. CAPONE,
v.
John E. KENNY and Edna Kenny.
No. 94-CA-0888.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1994.
*511 John E. Kenny, New Orleans, in pro. per. for defendants-appellants, John E. Kenny and Edna Kenny.
Randy Opotowsky, Odom B. Heebe, Jr., Steeg & O'Connor, New Orleans, for plaintiff-appellee.
Before SCHOTT, C.J., and BYRNES and WALTZER, JJ.
BRYNES, Judge.
Defendants/lessees, John E. Kenny and Edna M. Kenny (hereinafter "the Kennys"), proceeding pro se, appeal from a rule for eviction granted in favor of plaintiff/lessor, Kenneth J. Capone (Capone). We affirm.
The Kennys assigned as error the following:
(1) The premature trial of the Rule for Possession.
(2) The failure of the trial court to hear the Kennys defense of abuse of rights.
(3) The granting of judgment during the term of the lease.
The first and third of these assignments of error are in reality both objections of prematurity. A review of the transcript of the colloquy held among the trial judge, counsel for Capone, and Mr. Kenny representing himself pro se shows that the trial judge recognized that Capone's action was premature. Capone wanted the Kennys to vacate the premises at the end of the month of March, 1994 at the termination of their month to month lease. The Kennys acknowledge that they had only an oral month to month lease with Capone.
However, Capone did not wait until the end of March to file his rule to evict the Kennys. Capone does not contest the fact that the Kennys were paid through the end of March. Summary eviction proceedings would therefore, not be timely until the end of March. LSA-C.C.P. art. 4731.
However, the trial judge explained to Mr. Kenny that if he insisted on his technical objection to the timing of Capone's action that he could not defeat it, but at best could only postpone it until the end of the month. The transcript indicates that Mr. Kenny acquiesced in the decision to render judgment on that day effective at the end of the month, rather than going to the trouble and expense of coming back again at the end of *512 the month. We find that the Kennys effectively waived any objection they may have had to the timing of the hearing and judgment against them.
In their answer the Kennys asserted an Abuse of Rights Doctrine defense against Capone, alleging that:
1. Capone was evicting the Kennys because they filed a claim with plaintiff's insurer; and
2. Capone discriminated against the Kennys by charging the Kennys more per square foot than other tenants in the same building.
It was error for the trial court to decline to consider the Kennys' defense of abuse of right. The transcript shows that the trial court refused to consider any issue but payment or non-payment of rent. The trial court insisted that the issue of abuse of right by retaliatory eviction be brought in a separate proceeding. This was error.
Eviction is a summary action which involves the single issue of whether the owner is entitled to possession of the premises. Mascaro v. Hudson, 496 So.2d 428, 429 (La. App. 4 Cir.1986). The Tenant or occupant cannot defeat the owner's right to summary eviction by injecting foreign issues into the case in an attempt to convert it into an ordinary proceeding. Id. The only affirmative relief that can be granted is the right to remain in the premises.[1]Id. These jurisprudential rules, however, do not preclude a tenant from asserting defenses which are germane to the question of the landlord's right of possession. Id. The Abuse of Right Doctrine can be asserted as a defense in a summary eviction proceeding. Id.
We find no cases where a lessor was prevented from terminating a lease upon the expiration of its term based on the Abuse of Right Doctrine. The Doctrine appears only as dicta in such cases as Mascaro and Illinois Cent. Gulf R. Co. v. International Harvester Co., 368 So.2d 1009, 1013-1014 (La. 1979). The Doctrine is invoked sparingly in Louisiana. Illinois Central, 368 So.2d at 1014; McInnis v. McInnis, 618 So.2d 672, 676 (La.App. 2 Cir.1993). It has never been successfully invoked in a landlord-tenant situation. We suspect that the reason for this is that there appears to be little need for the Doctrine in Louisiana:
More importantly, cases dealing with this civilian concept typically concern the limited situation involving the holder of a contractual right [emphasis added] and a litigant against whom that right has been directly [emphasis original] but nonetheless, it is alleged, harmfully exercised. [Emphasis original]

McInnis, at 676.
In the contractual situations to which the McInnis court indicates the Doctrine of Abuse of Right should normally be limited, it should be sufficient to employ the concept of "good faith" which has a time honored place in the law of Louisiana. See LSA-C.C. art. 1759 and its antecedents. Granted, "good faith" does not sound nearly as impressive and erudite as the "Doctrine of Abuse of Right", but its very simplicity and familiarity to the lawyers and courts of this state mean that it is less likely to result in legal mischief. That the courts of this state have probably already tacitly recognized this fact is demonstrated by the fact that the Doctrine of Abuse of Right is often discussed, but rarely, if ever, applied!
As we recognized in Mascaro: "It is clear under Louisiana law, that the owner, at the expiration of a lease, whether month to month, or a fixed term, has the right to demand possession of his property without giving any reason." [Emphasis added] Id., *513 496 So.2d at 430; see also LSA-C.C. Art. 2686.
Even if we accept the allegations of abuse of right made by the Kennys in their answer as true, as a matter of law the Kennys have failed to allege any abuse so egregious that it would be sufficient to outweigh Capone's right to terminate a month to month lease at the end of the month "without giving any reason." Mascaro, at 430. That is a risk inherent in the tenuous nature of a month to month lease.
The Kennys had the reciprocal right to terminate any month they wanted to do so and for any reason or no reason, no matter how inconvenient it might be at that time for Capone to look for a new tenant and no matter how dependant he was on that rent. The situation does not always favor the landlord. There are times, such as during the oil crunch and ensuing real estate crunch of the eighties in this city when paying tenants are in short supply. In such times tenants can extract substantial concessions from landlords who cannot afford to lose them. The Kennys had two options: negotiate for a long term lease or be prepared to vacate on short notice. It is not within the province of the courts to relieve parties of their bad bargains. The Board of Com'rs of the Port of New Orleans v. Turner Marine Bulk, Inc., 629 So.2d 1278, (La.App. 4 Cir. 1993), writ denied 634 So.2d 392 (La.1994); Kenny v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386, 390 (1970).
Nor would it have been, if we accept the allegations of the Kennys as true, an abuse of right for Capone to charge the Kennys more per square foot than other tenants. This may well have been discriminatory, but the Kennys do not argue that the discrimination was for any illegal reason, such as race.
Therefore, even though we find that it was error for the trial court to refuse to consider the Kennys defense of abuse of right, it was harmless error. For had the trial court considered the Kennys abuse of right defense, it would have been required as a matter of law to rule against them.
Under the circumstances, the record does not show that Capone abused his right of termination. Accordingly, the trial court was correct in declining to allow the Kennys to retain possession based on their defense of abuse of rights.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
SCHOTT, C.J., concurs in the result.
NOTES
[1] The Kennys in their answer indicated that all they really wanted was a delay until the end of May. This would give them time to move their antique shop to a new location which they had already selected, but which would not be available for occupancy prior to May. Although the record is silent on the question of when and if the Kennys have vacated the premises, there is the strong implication that they have already done so. As they have alleged in their answer that they have no desire to remain as Capone's tenants after May of 1994, there is also the strong implication that they would not move back even if this Court were to find in their favor. Therefore, as a practical matter, since possession is the only affirmative relief that can be granted by this Court in these proceedings, this case may well be moot.