**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**17-540**


**SUCCESSION OF EUGENE D. LANIER**



\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. P-20150823
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders, Billy H. Ezell, D. Kent Savoie, and Candyce G. Perret, Judges.

**Cooks, J., dissents for the reasons assigned by Judge Saunders.**
**Saunders, J., dissents with written reasons.**


**AFFIRMED.**

**Carey J. Messina**
**Todd A. Rossi**
**Michael J. deBarros**
**Kean Miller L.L.P.**
**400 Convention Street, Suite 700**
**Baton Rouge, LA 70802**
**(225) 387-0999**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
     **St. Jude Children's Research Hospital, Inc.**

**Ted W. Hoyt**
**Russell B. Kahn**
**Jena K. Wynne**
**Hoyt & Stanford, L.L.C.**
**315 S. College Road, Suite 165**
**Lafayette, LA 70503**
**(337) 234-1012**
**COUNSEL FOR DEFENDANTS-APPELLEES:**
     **Vance E. Lanier**
     **Dayle C. Guillory**

**Richard S. Derbes**
**Attorney at Law**
**9100 Bluebonnet Centre, Suite 102**
**Baton Rouge, LA 70809**
**(225) 766-6464**
**COUNSEL FOR DEFENDANT-APPELLEE:**
     **Eugene L. Miller**

**PERRET, Judge.**

Plaintiff, St. Jude Children's Hospital ("St. Jude"), is appealing a trial court judgment that denied its Motion to Traverse the Detailed Descriptive List and Opposition to the First Annual Account in this succession proceeding. The trial court found that the matrimonial home, located at 1829 Guillot Road in Youngsville, Louisiana ("the Guillot Road property"), was properly placed in a Trust in 2004, and was not an asset of the succession. For the following reasons, we affirm the trial court judgment.

**FACTS:**

On May 25, 2004, Eugene and Erie Lanier, as co-settlors and co-trustees, established a revocable *inter vivos* trust ("Trust"). Schedule "A" of the Trust transfers to the Trust "[a]ll personal items, clothing, furniture and movables of any type, belonging to the Settlors and located within the family home, or on the grounds, occupied by Settlors located at 1829 Guillot Road in Youngsville, Louisiana." At that time, Mr. and Mrs. Lanier filed an Act of Donation to the Trust in which they donated all their immovable property located at their home at 1829 Guillot Road, Youngsville, Louisiana, to the Trust. The Act of Donation was filed with the Lafayette Parish Clerk of Court on November 23, 2004. Also on that date, Mr. Lanier executed a Last Will and Testament ("2004 Will") in statutory form that "bequeathed all of my [Mr. Lanier's] remaining property, including property that may constitute the legitime of a forced heir, to the Trust which is identified above." The 2004 Will provided for the Lanier's three children, Vicci L. Guillet, Vance E. Lanier, and Dayle C. Guillory, to serve as co-executors of the succession if Ms. Lanier was unable to do so.

On October 11, 2011, Ms. Lanier died. Thereafter, on February 13, 2014, Mr. Lanier executed a new Last Will and Testament ("2014 Will") that provided in pertinent part:

> I direct my Executor to sell all of my real and moveable property located at 1829 Guillot Road, Youngsville, Lafayette Parish, Louisiana, including my residence and its amenities and furnishings (after the removal of my personal possessions), and I give and bequeath to St. Jude Children's Research Hospital, located in Memphis, Tennessee, Tax ID 62-0646012, the sum of one hundred thousand dollars ($100,000.00) from the proceeds of such sale or sales.

Mr. Lanier died on December 5, 2015.

The succession of Mr. Lanier was opened on December 21, 2015, at which time the court appointed Vance Lanier and Dayle Guillory as the Independent Co-Executors[1] ("Co-Executors") and the 2004 Will was duly probated. On December 21, 2016, the Co-Executors filed a "First Annual Account" and "Sworn Detailed Descriptive List" for the period of December 21, 2015 through December 21, 2016. The descriptive list provided that the sole asset of the succession was a 2007 Chevrolet pickup truck.

On January 4, 2017, St. Jude filed a Motion to Traverse the Detailed Descriptive List and Opposition to the First Annual Account Motion, seeking to have the Guillot Road property, valued at $600,000.00, added to the detailed descriptive list. In support of its motion, St. Jude alleged the following, in pertinent part:

> 2.
> On May 25, 2004, the Decedent and his wife donated all real property located at 1829 Guillot Road in Youngsville, Louisiana ("Home") to the Trust.
>
> 3.

---

[1] Vicci Guillet is now deceased, leaving two children, Jodie Ernest Crouch, III and Jesse Eugene Crouch.

Article VI of the Trust, which is entitled "Revocation And Amendment", provides that:

> From and after the death of either of the original Settlors, this Agreement, insofar as it relates to the SURVIVOR'S TRUST, as defined herein, may be revoked or amended at any time and from time to time by the Survivor delivering written notice of revocation or amendment to the Trustee . . . .

4.

On February 13, 2014, the Decedent created his "Last Will and Testament" ("2014 Testament"). Paragraph (7) of the 2014 Testament provides that:

> I direct my Executor to sell all of my real and moveable property located at 1829 Guillot Road, Youngsville, Lafayette Parish, Louisiana, including my residence and its amenities and furnishings (after the removal of my personal possessions), and I give and bequeath to St. Jude Children's Research Hospital, located in Memphis, Tennessee, Tax ID 62-0646012, the sum of one hundred thousand dollars ($100,000.00) from the proceeds of such sale or sales.

5.

Pursuant to Article VI of the Trust, the 2014 Testament revoked and/or amended the Trust as to the Home.

6.

As another independent basis for revocation and/or amendment of the Trust, La. R.S. 9:2051A provides that a modification or revocation of a trust is effective when made by authentic act when the trustee receives the authentic act modifying or revoking the Trust.

7.

The Decedent received the 2014 Testament, which was made by authentic act on February 13, 2014, when he was trustee. Therefore, the requirements of La. R.S. 9:2051A were met and the 2014 Testament revoked and/or amended the Trust as to the Home.

8.

La. R.S. 9:2051B provides that "[a] modification, division, termination or revocation of a trust may also be made by testament. Such modification, division, termination or revocation is not effective as to a trustee until the trustee receives a copy of the testament and the order probating it or ordering it filed and executed."

9.

> Thus, even if Article VI of the Trust or La. R.S. 9:2051A have not been met - which is denied - the 2014 Testament will revoke and/or amend the Trust when the current trustee receives a copy of the order probating the 2014 Testament.

On February 24, 2017, the Co-Executors filed a memorandum in opposition to the motion to traverse arguing that "Louisiana law and jurisprudence requires the document or testament revoking a trust or donation *inter vivos* to contain clear and unequivocal language of the testator's intent to revoke a trust or a donation *inter vivos*." The Co-Executors argued that "Decedent's [Mr. Lanier's] 2014 Testament lacks the necessary intent as the 2014 Testament does not mention the Trust, state an intent to revoke the Trust, or state an intent to revoke the donation *inter vivos* of the Guillot Road Property to the Trust." Thus, they argue that "Decedent could not dispose of the Guillot Road Property with the 2014 Testament because Decedent did not own the Guillot Road Property[;]" rather, "the title to the Guillot Road Property was vested in the trustees of the Trust per Schedule "A" of the Trust and the Act of Donation filed under File Number 2001-00052629 in the records of Lafayette Parish Clerk of Court . . . ."

In response to the opposition, St. Jude alleges that "[t]here is no 'magical language' required to modify or revoke a Trust as to a particular asset" and that Mr. Lanier "clearly directed the sale of the Guillot Road Property and that $100,000 of the proceeds be paid to St. Jude."

After a hearing, the trial court denied St. Jude's Motion to Traverse the Detailed Descriptive List and Opposition to the First Annual Account and found that "the Co-Executors are not required to list any immovable and movable property located at 1829 Guillot Road, Youngsville, Lafayette Parish, Louisiana, or other amounts, as an asset of Eugene D. Lanier's estate." The trial court further

4

found no just reasons for delay and designated the judgment as a final, appealable judgment under La.Code. Civ.P. art. 1915(B). St. Jude now appeals this final judgment.

**STANDARD OF REVIEW:**

"In all civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard, which precludes the setting aside of a trial court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety." *Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC*, 14-2592, p. 8 (La. 12/8/15), 193 So.3d 1110, 1115. However, we review the trial court's interpretation and application of legal principles and statutory provisions under a de novo review. *Cleco Evangeline, LLC v. Louisiana Tax Comm'n*, 01-2162 (La. 4/3/02), 813 So.2d 351. While La.R.S. 9:2051(B) allows for revocation of a trust by testament, the comments to that article indicate that the testament must clearly identify the trust in order to have any effect on it. We find this to be a question of fact that is subject to the manifest error standard of review.

**DISCUSSION:**

The Louisiana Trust Code defines a trust as "the relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another." La.R.S. 9:1731. "Inherent within this body of law is the concept of trust indestructibility and the protection of the trust instrument from any modification or termination contrary to the settlor's clearly expressed intent." *Succession of Gourgis*, 08-430, p. 7 (La. App. 5 Cir. 11/12/08), 1 So.3d 528, 532, *writ denied sub nom. In re Gourgis*, 08-2902 (La. 2/13/09), 999 So.2d 1147.

On appeal, St. Jude argues the following assignments of error: (1) the trial court erred as a matter of law in concluding that the form requirements for a

modification of revocation of the Trust were not met and by imposing additional requirements for modification or revocation of a trust found nowhere in the law; (2) the trial court erred as a matter of law in concluding that La.R.S. 9:2043 applied and, therefore, Mr. Lanier could only modify or revoke his Trust for one of the causes in La.Civ.Code. art. 1556; (3) the trial court erred as a matter of law in concluding that Mr. Lanier had no right to unilaterally revoke the interest of a Trust beneficiary; and (4) the trial court erred in concluding that Mr. Lanier did not intend to modify or revoke his trust as to the Guillot Road Property.

Before addressing the merits of the appeal, it is worth noting that the parties seek a determination from this court as to whether the property at issue, which was previously donated to the Trust, is not estate property by virtue of the 2014 Will, despite the fact that the 2014 Will has yet to be probated. Because the Co-Executors have reserved their right to challenge the 2014 Will's authenticity, we, at this time, are rendering no opinion as to the authenticity of the 2014 Will. Additionally, while Mr. Lanier may have had the authority to modify the distribution terms of the Trust, whether or not the 2014 Will modified those terms is an issue that must be raised against the Trust and its Trustee after the 2014 Will is probated. Thus, the matter before us today involves Mr. Lanier's succession, what assets are included in his estate, and whether the 2014 Will, if probated, would revoke the Trust and undo the 2004 donation of the property to the Trust.

Louisiana Code of Civil Procedure Article 3137 provides that a sworn descriptive list of succession property is deemed prima facie correct, but it may be traversed or amended if an interested party believes it is in error. La.Code Civ.P. art. 3137. "The burden is on the party filing a motion to traverse to show that the descriptive list is in error." *In re Succession of Feingerts*, 14-140, p. 9 (La.App. 4

6

Cir. 3/18/15), 162 So.3d 1215, 1221, *writ denied*, 15-0754 (La. 6/1/15), 171 So.3d 936.

St. Jude argues in its motion that the purported revocation of the Trust is by Mr. Lanier's 2014 Will. Therefore, we find the revocation of the Trust is governed by La.R.S. 9:2051(B) and not La.R.S. 9:2051(A).[2] Louisiana Revised Statutes 9:2051(B) (emphasis added) addresses the formal requirements needed for a testament to modify, terminate, or revoke a trust, and states:

> B. A modification, division, termination, or revocation of a trust may also be by testament. Such a modification, division, termination, or revocation is not effective as to a trustee until *the trustee receives a copy of the testament and of the order probating it or ordering it filed and executed.*

The revision comment (2003) to La.R.S. 9:2051 (emphasis added) states that "Subsection B allows the settlor of an *inter vivos* trust, who has reserved the power to modify, divide, terminate, or revoke the trust, to do so by testament. **The testament must clearly identify the trust in order to have any effect on it**." Louisiana jurisprudence also supports the 2003 Revision Comment to La.R.S. 9:2051 that a last will and testament must at least mention the trust or the revocation of the trust in order for a last will and testament to constitute a revocation of the *inter vivos* trust. *See Succession of Baker*, 480 So.2d 890 (La.App. 2 Cir. 1985) (whereby the appellate court affirmed a trial court's ruling that the fifth codicil of decedent's testament, which made no mention of the *inter vivos* revocable trust, did not modify or revoke the trust); *Succession of Gourgis*, 08-430 (La.App. 5 Cir. 11/12/08), 1 So.3d 528, 530, *writ denied*, 08-2902 (La.

---

[2] La.R.S. 9:2051(A), which states that a revocation of a trust "shall be by authentic act or by act under private signature executed in the presence of two witnesses and duly acknowledged by the person who makes the modification . . . or by the affidavit of one of the attesting witnesses[,]" and that "[t]he . . . revocation is not effective as to a trustee until a copy of the authentic act or a copy of the acknowledged act is received by him."

2/13/09), 999 So.2d 1147 (whereby the appellate court held that the decedent's purported olographic testament did not modify the decedent's *inter vivos* revocable trust under La.R.S. 9:2051(B) because the purported olographic testament did not mention the trust or an intent to modify the trust.). Thus, the courts in *Succession of Baker* and *Succession of Gourgis* held that the testament must clearly identify the trust in order for the testament to have any effect on the trust.

Similarly, we find that Mr. Lanier's 2014 Will lacks the necessary intent to revoke the Trust because it fails to mention the Trust, state an intent to revoke the Trust, or state an intent to revoke the donation *inter vivos* of the Guillot Road property to the Trust. Rather, the 2014 Will directs the executor of the estate to sell the Guillot Road property, (property that does not belong to the estate), and then to distribute $100,000.00 of sale proceeds to St. Jude. Additionally, we agree with the Co-Executors' argument that the requirements under La.R.S. 9:2051(B) have not been met because "a probated copy of Decedent's 2014 Testament or a copy of the order probating and executing Decedent's Testament have not been delivered to the trustee of the Trust." Again, Mr. Lanier's 2004 Will, not the 2014 Will that attempted to revoke the donation *inter vivos* of the Guillot Road property to the Trust, was probated following his death.

Not only did the 2014 Will fail to mention the Trust but Mr. Philip Roberts, the attorney who prepared and notarized the 2014 Will, testified that he was not aware of the assets in the Trust at the time he was preparing the 2014 Will and merely prepared the 2014 Will according to what Mr. Lanier told him during their meeting. Specifically, when asked if he had any personal knowledge as to what assets Mr. Lanier had, Mr. Roberts stated as follows:

> Oh, I did not have any personal knowledge. I did talk to Vance [Mr. Lanier's son] about it. Vance said he was going to bring some information to clarify that because I

8

understood that some of it may have been placed in trust, and then - - but Vance never did show up. We had an appointment, he didn't show up, so I never did get that information.

Had Mr. Lanier wanted to revoke the Trust, or the donation *inter vivos* of the Guillot Road property to the Trust, Mr. Roberts could have easily done so while preparing the 2014 Will. Because we find that Mr. Lanier did not revoke, in whole or in part, the Trust, we agree with the trial court that he was not owner of the Guillot Road property at the time of his death; rather, the Guillot Road property was owned by the Trust, which was properly recorded in 2004.

We also find merit in the Co-Executors' argument that under the terms of the Trust itself, Mr. Lanier did not have the authority to revoke the Trust. As stated in Article VI of the Trust documents "[e]ither of the Settlors [Mr. and Mrs. Lanier] *during their joint lives*, may at any time and upon successive occasions, revoke this Trust in whole or in part." After the death of Mr. Lanier's wife, Mr. Lanier only had authority to revoke the "SURVIVOR'S TRUST" if one was established under Article VII of the Trust. However, the record before us is void of any evidence that a Survivor's Trust was established or whether the property at issue, or any percentage of it, was included in that Trust.

For these reasons, we agree with the trial court's factual finding that the 2014 Will did not revoke the 2004 Trust or transfer the Guillot Property to the estate. Accordingly, we affirm the trial court judgment that denied St. Jude's Motion to Traverse the Detailed Descriptive List and Opposition of the First Annual Account and its ruling that the Co-Executors are not required to list any immovable and movable property located at 1829 Guillot Road, Youngsville, Louisiana, as an asset of Eugene D. Lanier's estate. All costs of this appeal are

assessed to plaintiff/appellant, St. Jude Children's Hospital.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT


17-540


SUCCESSION OF EUGENE D. LANIER


**SAUNDERS, J. DISSENTS WITH WRITTEN REASONS.**


I disagree with the majority opinion that (1) Mr. Lanier's 2014 Will lacks the necessary intent to revoke the Trust, and (2) Under the terms of the Trust itself, Mr. Lanier did not have the authority to revoke the Trust.

The Trust provided that "[a]ny and all gifts made by the Settlors of Trust assets to third parties shall be a withdrawal of the property from the Trust at the time the gift is made and shall be considered as made personally by the Settlor making the gift." The Trust also authorized Mr. Lanier to revoke or amend the Trust "at any time" and, in the event of Mrs. Lanier's death, to "manage, control, sell, convey, exchange, donate, partition, assign, divide, subdivide, improve or repair" the Trust estate as if he were "the absolute owner thereof."

In 2011, Mrs. Lanier passed away, rendering Mr. Lanier the sole settlor/trustee of the Trust. In 2014, Mr. Lanier executed a Last Will, allegedly having forgotten about the testament he executed in 2004. Mr. Lanier's 2014 Last Will differed from his 2004 testament in that it made bequests to his grandchildren and sister, and unambiguously expressed his intent to sell the Guillot Road Property and distribute some of the funds from the proceeds of such sale or sales to Plaintiff.

Louisiana Revised Statutes 9:2051provides:

> A. A modification, division, termination, or revocation of a trust shall be by authentic act or by act under private signature executed in the presence of two witnesses and duly acknowledged by the person who makes the modification, division, or termination or by the affidavit of one of the attesting witnesses. The modification, division, termination, or revocation is not effective as to a trustee until a copy of the authentic act or a copy of the acknowledged act is received by him.

> B. A modification, division, termination, or revocation of a trust may also be by testament. Such a modification, division, termination, or revocation is not effective as to a trustee until the trustee receives a copy of the testament and of the order probating it or ordering it filed and executed.

This statute makes clear the form requirements for modification or revocation of a trust – one of which is by testament that is received by the trustee and later probated. The record reveals (1) Mr. Lanier was rendered the sole settlor/trustee of the Trust in 2011 by virtue of Mrs. Lanier's death, and, as such, had the power to "donate" the trust estate as if he were "the absolute owner thereof;" (2) Mr. Lanier did, in fact, direct the sale of the Guillot Road Property by authentic act in his Last Will dated February 13, 2014, in which he bequeathed to Plaintiff the sum of One Hundred Thousand Dollars ($100,000.00) from the proceeds of that sale or sales; (3) Mr. Lanier received a copy of the testament; and (4) the testament was ultimately submitted for probate. As such, in my view, the form requirements for modification or revocation of the trust were met.

Accordingly, I cannot agree with the proposed majority opinion. I respectfully dissent.