| iBARRY, Judge.
Zoe Brown appeals a judgment which maintains an exception of lis pendens and dismisses her petition for damages and breach of contract.
On April 20, 1990 Ms. Brown filed a petition in Civil District Court against A.J. Bar-cia and Barcia’s Heating and Air Conditioning, Inc. [Barcia] for damages relating to: failure to correct a vibration caused by a Lennox Pulse furnace; after its removal, the negligent installation of the heating system including the Consolidated electronic ignition furnace, which could not utilize the Lennox humidity control system already installed; breach of contract; negligent and/or intentional misrepresentations (relating to Mr. Barcia’s license and the effect of the Consolidated furnace on the air conditioning system); and unfair trade practices. Ms. Brown filed an amended petition in proper person on March 17, 1994 which added as defendants Lennox Industries, Inc., two Lennox employees, the City of New Orleans, and two inspectors of the Department of Safety and Permits. She sought rescission of her March 17, 1989 release and settlement with Lennox and her written permission for Mr. |2Barcia to isolate the vibration in the Lennox furnace or to replace it. Ms. Brown alleged fraud, concealment of matters material to the contract, failure to provide adequate warnings and instructions, duress, and ambiguous language in the release. She attached copies of a Lennox letter, the settlement agreement, and Barcia’s proposal.
Lennox International Inc.[1] filed an exception of lis pendens based on Ms. Brown’s prior suits in St. Bernard Parish. According to the St. Bernard pleadings placed into this record, Ms. Brown’s initial complaint filed in Justice of the Peace Court in September, 1989 against Kenneth Blum alleged negligent installation of the Lennox Pulse furnace and misrepresentations as to the use of a Pulse furnace in her house and the resultant vibration. A December 11, 1989 judgment was rendered against Ms. Brown and her motion for appeal requested a trial de novo in the 34th JDC. In her December 26, 1989 petition (with counsel) in the 34th JDC Ms. Brown sued Kenneth Blum and Blum’s Thermal Services, Inc. [Blum], the original contractor who installed the Lennox equipment. She alleged Blum’s misrepresentations relating to the Pulse furnace, negligent installation of the Lennox air-conditioning and heating system (which was allegedly defective), breach of warranty and redhibition. In an amended petition filed February 1, 1990 Ms. Brown alleged breach of the installation contract, unfair trade practices and fraud.
In its answer and third party demand against Lennox Industries Inc., Blum claimed that the equipment was installed according to Lennox’s ^procedures and Lennox was responsible for any defects in the equipment or the procedures. Under a March 17, 1989 release and settlement agreement (signed by Ms. Brown) Lennox agreed to pay A.J. Barcia to isolate the vibration in the Lennox furnace. If that was not acceptable to Ms. Brown, Lennox agreed to pay Mr. Barcia to install a Lennox electronic ignition furnace or a suitable substitute furnace and pay Ms. Brown the difference of $475. Ms. Brown acknowledged the agreement was in full satisfaction of the claim arising from the Lennox Pulse furnace. Lennox Industries Inc. was granted a summary judgment as to Blum’s third party demand and it was dismissed without prejudice on January 25, 1991. Blum’s summary judgment motion was denied on February 18, 1991.

LAW AND ANALYSIS

La.C.C.P. art. 531 (pre-1991) provided in pertinent part:
When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925.
*764 As amended by 1990 La.Acts No. 521, § 2, art. 531 provides in pertinent part:
When two or more suits are pending in a Louisiana Court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided by Article 925.
La.C.C.P. art. 925(3) lists the objections, including lis pendens, that may be raised by declinatory exception.
Section 5 of Act 521 provides that the Act shall become effective January 1, 1991 and shall apply to all civil actions filed on or after that date. Lennox | international Inc. argues that it was not sued until Ms. Brown amended her Civil District Court petition on March 17, 1994 and the statute as amended in 1990 applies. There is no indication in the Civil District Court record that the amended petition filed before an answer in the suit was not properly filed and related back to the original petition in 1990. Ms. Brown’s lawsuits in the 34th JDC and Civil District Court were filed prior to January 1,1991 and the pre-1991 version of the article applies.
The test for determining whether an exception of lis pendens should be granted was to inquire whether a final judgment in the first suit would be res judicata in the second suit under La.R.S. 13:4231.[2] Fincher v. Insurance Corporation of America, 521 So.2d 488 (La.App. 4th Cir.1988), writ denied, 522 So.2d 570 (La.1988). The doctrine of res judicata required that the thing demanded was the same, the demand was founded on the same cause of action, the demand was between the same parties and formed against each other in the same quality. La.R.S. 13:4231 (pre-1991). A plaintiff was precluded from litigating a second suit when there was (1) identity of the parties; (2) identity of “cause”; and (3) identity of the thing demanded. Ryan v. Grandison Trust, 504 So.2d 844 (La.1987); Welch v. Crown Zellerbach Corporation, 359 So.2d 154 (La. 1978).
The same party must be acting in the same capacity for lis pendens to apply. See Succession of Christophe v. Lotten, 487 So.2d 529 (La.App. 4th Cir.1986). The term “cause of action” referred to the grounds on which the |5demand was based, not merely the type of action or demand that is brought. Lamb v. Lamb, 411 So.2d 1 (La.1982). Mere identity of issues was not sufficient. The cause of action and the object had to be the same. Dizell v. Durr, 519 So.2d 863 (La. App. 4th Cir.1988). Courts looked to the ultimate object of the suit. Jensen v. Department of Transportation and Development, 542 So.2d 168 (La.App. 1st Cir.1989), writ denied, 544 So.2d 408 (La.1989).
Ms. Brown and Lennox Industries Inc. were involved in the Civil District Court suit and the 34th JDC suit. However, Ms. Brown’s suit against Blum, the first contractor, in the 34th JDC related to the installation of the Lennox Pulse furnace. Her suit against Barcia, the second contractor, in Civil District Court related to the isolation of vibration in the Lennox furnace and the installation of the Consolidated ignition furnace. In the 34th JDC suit Blum third partied Lennox with allegations of defective equipment and faulty procedures, but Ms. Brown did not sue Lennox directly. Lennox (as a third party defendant) was granted a summary judgment as to Blum’s claims against it as a manufacturer and was dismissed without prejudice. In Civil District Court Ms. Brown added Lennox Industries Inc. as a defendant in her amended petition where she sought rescission of the settlement agreement with Lennox.
Ms. Brown and Lennox International Inc. (assuming that Lennox Industries Inc. is Lennox International Inc.) are not in the same capacity in the 34th JDC and in Civil District Court. The causes of action and things demanded are not the same. The *765 exception of lis pendens was improperly granted.[3]
IsThe judgment granting the exception is reversed and the matter remanded for further proceedings.

REVERSED; REMANDED.

. Lennox International Inc. noted in its exception of lis pendens that it was improperly referred to as Lennox Industries Inc. in the petition. However, Lennox Industries Inc. was the third party defendant in the prior 34th JDC suit, negotiated the March 17, 1989 release and settlement, and filed a motion for extension of time in the Civil District Court action.

. 1990 La.Acts No. 521 (effective January 1, 1991) amended La.R.S. 13:4231 (res judicata) as well as La.C.C.P. art. 531 (lis pendens) to reflect similar changes. Under the amended version of La.R.S. 13:4231 all causes of action existing at the time of a final judgment arising out of the transaction or occurrence which is the subject matter of the litigation are extinguished and subsequent suits on those causes of action are barred.

. Even if the amended version of La.C.C.P. 531 applied here, it is not clear that the lis pendens exception should have been granted. Arguably Ms. Brown and Lennox are not the same parties in the same capacities in both actions and the two suits do not involve the same transaction or occurrence.