# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

**07-1392**

**JACQUELINE GRANGER AS INDEPENDENT ADMINSTRATRIX OF THE  ESTATE OF JUSTIN BOUDREAUX**

**VERSUS**

**TRI-TECH, LLC**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-305-07
HONORABLE ANNE LENNAN SIMON, JUDGE PRO TEMPORE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**

Kevin D. Millican
Post Office Box 1111
Jennings, LA   70546
(337) 824-8300
COUNSEL FOR PLAINTIFF/APPELLEE:
      Jacqueline Granger

Nicholas Bellard
Bellard Law Offices, LLC
Post Office Box 70
Church Point, LA   70525
(337) 684-0293
COUNSEL FOR DEFENDANT/APPELLANT:
      Tri-Tech, LLC

AMY, Judge.

The plaintiff filed a Rule to Evict, asserting that the defendant's lease of commercial property had reconducted to a month-to-month basis and was, therefore, subject to termination. The defendant argued that it had exercised an option to extend the five-year term of the initial lease and that the extended term had not yet expired. The trial court found in favor of the plaintiff, citing a lack of proof that the defendant availed itself of the term extension. The defendant appeals. We affirm.

**Factual and Procedural Background**

Jacqueline Granger filed the present Rule to Evict as the Administratrix of the Estate of Justin Boudreaux and asserted that, by virtue of a written lease, Tri-Tech, LLC, was the tenant of property owned by the Estate. Ms. Granger alleged that, although the lease's initial five-year term ended on November 17, 2004, Tri-Tech continued to occupy the premises on a month-to-month basis. She observed that the defendant had been provided with notice to vacate due to Mr. Boudreaux's death and the need to settle the estate. Ms. Granger also argued that the lease was terminated due to a failure to make repairs and violations under the Sanitary Code.

In response, Tri-Tech argued that it had exercised its contractual option to extend the lease for an additional five-year term. It denied the failure to repair and Sanitary Code allegations.

In considering the Rule to Evict, the trial court considered the contract of lease, which provides in part:

> 2.    TERM:____The original term of this lease shall be from November 18, 1999, to November 17, 2004.

> 3.    RENTAL:    As rental for the premises, LESSEE agrees to pay a monthly rental of $4,000.00 payable by the 5th day of each month, beginning November 18, 1999 until November 17, 2001. The monthly rental will increase to $5,000.00 per month beginning November 18, 2001 until November 17, 2004. No rent payment shall be considered

delinquent and subject to a late charge if it is mailed postage prepaid to the LESSOR's address given above by the 5th day of each month. If LESSEE decides not to purchase the property at the end of the five year period, LESSEE have [sic] the option to renew the lease for a 10% increase in the rental price for another five year period.

. . . .

16. OPTION TO PURCHASE: LESSOR and LESSEE agree that LESSOR grants unto LESSEE, the right after the first two years from this date, and subject to the conditions hereinafter set forth, exclusive right, privilege or option to purchase for the price and sum of $1,000,000.00, the above described leased property.

In the event LESSEE desires to exercise the option herein granted, he shall send a letter addressed to the LESSOR at his residence. The taxes for the year the sale is closed shall be prorated as of the date of the Act of Sale. All expenses incidental to the passing of the Act of Sale, are to be paid by LESSEE/Purchaser.

The trial court granted the eviction,[1] finding inadequate evidence that Tri-Tech

---

[1] In reasons for ruling, the trial court explained:

A party claiming the existence of a contract has the burden of proving that the contract was perfected between himself and his opponent. *Enterprise Properties v. Selma*, 38-747 (La.App. 2 Cir. 9/22/04)[882 So.2d 652, *writ denied*, 04-2640 (La. 12/17/04), 888 So.2d 876.] The original term of the lease in question having expired, the defendant bears the burden or proving that the lease has been renewed. Clearly, the original lease contains an option to renew, but an option to renew is different from the *exercise* of that option.

Petitioner cites to the court two articles of the Civil Code in support of his position that the lease was reconducted as one from month-to-month. Art. 2721 provides that a lease with a fixed term is reconducted if, after the expiration of the term, and without notice to vacate or terminate or other opposition by the lessor or the lessee, the lessee remains in possession. Article 2723 provides that the term for a reconducted nonagricultural lease with a fixed term of more than a month is month-to-month.

In opposition, the defendant claims that the petitioner's acceptance of rental checks, and a cryptic undated note in petitioner's decedent's hand, is evidence that the petitioner's decedent agreed and the defendant actually exercised his option to renew. The defendant asserts that the exercise of an option need not be in writing but may be evidenced by the actions of the parties. Defendant cites to the court the cases of *Enterprise Property Grocery, Inc. v. Selma*, 38-747 (La.App. 2 Cir. 9/22/04) and *Meaghan Frances Hardcastle Trust v. F[l]eur de Paris, Ltd.*, 2004-1371 (La.App. 4 Cir. 6/26/2005)[917 So.2d 448.]

The cases cited by the defendant are factually distinguishable. In both, the documentation of a new agreement existed but was incomplete. In both, the facts reflect that the parties clearly intended to enter into a new lease after the terms of the original lease had expired. In the present case there is no evidence of the written notice required by the contract or evidence that the parties expressed an agreement to extend for an additional term. The payment and acceptance of monthly rent does not prove the exercise of an option but is equally consistent with reconduction on the basis

renewed the lease.  Tri-Tech appeals.

## Discussion

It is not disputed that Tri-Tech remained on the premises after the expiration of the initial lease period set forth in the contract of lease.  Neither do the parties appear to dispute that Tri-Tech continued to pay, and the plaintiff continued to receive, rental payments.  Rather, the question presented to the trial court, and the one now at issue, was whether Tri-Tech's continued presence was due to a an extension of the lease, and therefore subject to a fixed term, or was on a month-to-month basis by virtue of reconduction and therefore subject to termination.

As for reconduction and/or extension of a term of lease, the Louisiana Civil Code provides:

> **Art. 2720.   Termination of lease with a fixed term**
> A lease with a fixed term terminates upon the expiration of that term, without need of notice, unless the term is reconducted or extended as provided in the following Articles.
>
> **Art. 2721.   Reconduction**
> A lease with a fixed term is reconducted if, after the expiration of the term, and without notice to vacate or terminate or other opposition by the lessor or the lessee, the lessee remains in possession:
> . . . .
> (2)    For one week in the case of other leases with a fixed term that is longer than a week[.]
>
> **Art. 2723.   Term of reconducted nonagricultural lease**
> The term of a reconducted nonagricultural lease is:
> (1)    From month to month in the case of a lease whose term is a month or longer[.]

_____

of month-to-month.

It is the opinion of the court that although the lease contained an option to renew, the defendant has not carried his burden to prove the *exercise* of the option.  The lease continued month-to-month from November 17, 2004, until notice of termination dated January 27, 2007.

Evidence of violation of the sanitation codes was not admitted into evidence at the hearing of the Rule but is not necessary for a finding in favor of the petitioner on the present claim.

**Art. 2725. Extension**

    If the lease contract contains an option to extend the term and the option is exercised, the lease continues for the term and under the other provisions stipulated in the option.

The contract of lease in this case anticipates the type of extension as provided for by Article 2725 as it provided Tri-Tech with "the option to renew the lease for a 10% increase in the rental price for another five year period." However, Tri-Tech had the burden of proving that it exercised the option to extend the lease. *See Governor Claiborne Apartments, Inc. v. Attaldo*, 235 So.2d 574 (La.1970). We find no indication that the trial court was required to find that it met this burden.

Tri-Tech asserted that the lease was extended due to the plaintiff's acceptance of continued rental payments. However, it offered no evidence surrounding these payments indicating that they were made in pursuit of the option to extend the lease. Evidence as to these payments was scant at best and did not reveal that the payments included a 10% increase in the rental price as is anticipated in the contract for such an extension.

In *Governor Claiborne Apartments*, 235 So.2d 574, the Louisiana Supreme Court considered a case in which a lessee held a written lease for a five-year term with an option to renew for one additional five-year term. The lessee exercised the renewal option and, as the extended term was about to expire, sent a letter requesting to renew the five-year lease term. He received no response from the lessor, but continued to occupy the premises. The lessor accepted the monthly rental payments. When the lessor eventually filed a rule to evict the lessee, the lessee asserted that he held a fixed-term lease due to renewal, or extension, of the five-year fixed lease term. The supreme court rejected the argument finding that:

4

While assent to a contract may be implied, that implication must be established and cannot be presumed. Defendant's burden was to establish a lease for a fixed term. He had to prove a meeting of the minds of the contracting parties that their relationship as lessor and lessee was for the alleged fixed term, by either express language or by circumstances (action or inaction) that necessarily implied the proposition. The facts and circumstances of the instant case establish only the existence of a lease by the month between the parties because of the reconduction of the written lease.

*Id*. at 577.

The present case is similar insofar as Tri-Tech failed to offer proof regarding the nature of its continued presence on the property. In light of its failure to establish that it availed itself of the option to renew, the trial court correctly found that the lease reconducted to a month-to-month lease pursuant to La.Civ.Code art. 2723. Accordingly, the lease was subject to termination, and the granting of the rule to evict was not in error.

We note that a portion of Tri-Tech's argument in its brief relates to the trial court's observation in its reasons for ruling that Tri-Tech did not produce a writing by which it exercised "the option to renew the lease for a 10% increase in the rental price for another five year period." However, the contract only specifically refers to a writing in the paragraph establishing the option to buy. On this point, we observe that, although reasons for judgment define and elucidate a case, they form no part of the judgment from which the appeal is taken. *See Peters v. Harmsen*, 03-1296 (La.App. 1 Cir. 4/2/04), 879 So.2d 157. Regardless of such findings, a correct judgment should be affirmed. *Id.* As noted above, we have found the trial court's judgment to be correct.

5

**DECREE**

For the foregoing reasons, the judgment of the trail court is affirmed. All costs of this appeal are assigned to the defendant, Tri-Tech, L.L.C.

**AFFIRMED.**