JOY COSSICH LOBRANO, Judge.
| defendant, Sandra Johnson, suspen-sively appealed the December 21, 2011 judgment of First City Court for the City of New Orleans, ordering her to vacate the property located at 307 South Cortez Street in New Orleans, Louisiana.
On October 31, 2011, the plaintiff, M.J. Sauer, owner of the premises located at 307 South Cortez Street in New Orleans, Louisiana, sent to Ms. Johnson, her tenant, a “Notice to Vacate Premises.” In that notice, Ms. Sauer stated that the lease between the parties had been on a month-to-month basis since the end of March, 2011. She further stated that she wanted Ms. Johnson to vacate the premises by the end of November, 2011, because she did not wish to renew the lease for another month.
Ms. Johnson did not vacate the premises by the end of November, 2011, so Ms. Sauer tacked a notice to her door entitled, “FIVE (5) Day Notice to Vacate Premises,” stating that she had given her the required thirty-day notice that she would not renew her lease, and that the lease had expired. On motion of Ms. Sauer, Ms. Johnson was served with a “Rule for Possession of Premises,” ordering | ?her to show cause in First City Court on December 19, 2011, why she should not be evicted from the premises. A copy of the lease between the parties was attached to the “Rule for Possession of Premises.”
In response to the “Rule for Possession of Premises,” Ms. Johnson filed an exception of lis pendens. In her exception, she stated that on November 30, 2011, she filed a petition in Civil District Court for Orleans Parish, alleging that Ms. Sauer’s *726 refusal to renew the lease and subsequent attempts at eviction are violations of anti-discrimination provisions of the Fair Housing Act, 42 U.S.C. § 3604. Ms. Johnson also stated that she was seeking to enforce, as a third-party beneficiary, Ms. Sauer’s contract with the Housing Authority of New Orleans, preventing eviction based on Ms. Johnson’s status as a stalking victim. She also asserted a claim of abuse of right. In her petition, Ms. Johnson seeks declaratory, injunctive and equitable relief, and attorney’s fees. In support of her exception, Ms. Johnson submitted a memorandum, a copy of her lease, and a copy of her lawsuit that was filed in Civil District Court.
Citing La. C.C.P. articles 531 and 925(A)(3), Ms. Johnson argued where two suits are pending in a Louisiana court or courts and arise from “the same transaction or occurrence, between the same parties in the same capacities,” a defendant may dismiss the second suit by pleading the declinatory exception of lis pendens. Accordingly, she argued that Ms. Sauer’s “Rule for Possession of Premises,” filed after Ms. Johnson’s discrimination lawsuit, should be dismissed because it arose out of the same transaction or occurrence, i.e. Ms. Sauer’s decision |snot to renew Ms. Johnson’s month-to-month lease and to pursue an eviction. She further argues that the two cases involve the same parties in the same capacities, i.e. lessor and lessee.
Ms. Sauer filed a memorandum in support of her “Rule for Possession of Premises.” In her memorandum, Ms. Sauer argued that her rule should be granted because a lessor may choose to terminate a lease at the completion of any term for any reason, and the non-renewal of a lease at the expiration of a term is not equivalent to termination during a lease term.
Following a hearing, the trial court rendered judgment on December 21, 2011, in favor of Ms. Sauer and against Ms. Johnson, ordering Ms. Johnson to vacate the premises at 307 South Cortez Street within twenty-four (24) hours, and to pay all costs of the proceedings. Ms. Johnson suspen-sively appealed the December 21, 2011 judgment.
At trial, the parties stipulated that the initial term of the lease between the parties expired on March 31, 2011, and that after that date, the lease provided for an automatic renewal on a month-to-month basis. The parties also stipulated that Ms. Johnson is receiving assistance in the form of a Section 8 voucher, with her portion of the rent being $197.00 out of a total rent of $850.00. On October 31, 2011, the lessor, Ms. Sauer, gave Ms. Johnson notice to vacate the premises within thirty (30) days, or prior to December 1, 2011. On December 1, 2011, because Ms. Johnson had not yet vacated, Ms. Sauer tacked a five (5) day notice to vacate on Ms. Johnson’s door.
RAfter the above stipulations were made by the parties, the trial court stated that Ms. Johnson’s exception of lis pendens would be overruled. As for the rule filed by Ms. Sauer, the trial court stated that there was no need at that time for evidence to be presented as to disputes regarding damages, repairs, or disputes with neighbors because of the court’s opinion that the lessor was entitled to possession of the premises for any reason once the lease terminated after the lessor provided the lessee with the thirty (30) day notice of non-renewal. However, counsel for Ms. Johnson stated that his client’s argument is that this was a discriminatory eviction, and offered the following evidence in support of that argument.
Ms. Johnson testified that in December 2010, she had a dispute with a neighbor *727 regarding a barking dog. She spoke to her landlord, Ms. Sauer, about the problem and then wrote several letters to the neighbor to complain about the dog, including threatening to call the police if the excessive barking did not stop. After sending four letters to the neighbor, the dog escaped from its enclosure and killed Ms. Johnson’s cat, which she had for thirteen years. At that point, she called the police and the SPCA to report that the neighbor’s dog had killed her cat. She said the barking problem continued after her cat was killed. She stated that the owners of the dog in question were not Ms. Sauer’s tenants; rather, they own the property behind the property owned by Ms. Sauer.
Ms. Johnson testified that she has been diagnosed with post-traumatic stress disorder and bipolar disorder. She also stated that she has been a victim of | ^domestic violence, and has been stalked by a former neighbor who has harassed her for five years. Ms. Johnson told Ms. Sauer about being stalked by the former neighbor, and asked Ms. Sauer if she could put metal bars on her windows. Ms. Sauer said she did not want bars on the windows of her property, but recommended that Ms. Johnson call a security alarm company. Ms. Johnson testified that during a September 2011 discussion with Ms. Sauer regarding the stalker, Ms. Sauer made the statement, “I don’t want that stuff around my place.”
The security alarm company that Ms. Johnson called would not install an alarm for her because she was not the owner of the property. She admitted that she did not report back to Ms. Sauer about her conversation with a representative of the alarm company. Ms. Johnson also testified about some discussions and disagreements between her and Ms. Sauer regarding repairs to her apartment.
Ms. Johnson said she is on medication for bipolar disorder, and for post-traumatic stress disorder. She said she never talked to Ms. Sauer about her mental problems until after Ms. Sauer gave her notice to move out of the apartment. She does not know if Ms. Sauer was aware of her problems, other than being stalked, prior to the time that Ms. Sauer notified her that she had to move out within thirty days. Ms. Johnson admitted that although she suspected that the person allegedly stalking her had been to the property owned by Ms. Sauer, she was not certain that this had ever happened.
At the conclusion of the hearing, the trial court overruled Ms. Johnson’s exception of lis pendens, granted Ms. Sauer’s rule, and ordered Ms. Johnson to |6vacate the premises at issue within twenty-four (24) hours. The court found that Ms. Johnson presented no evidence at the eviction proceeding that a stalker ever came to the property or caused any incident at the property. Furthermore, no evidence was presented to show that Ms. Sauer instituted her eviction action against Ms. Johnson because of the stalking issue. The court found that Ms. Sauer followed proper procedures for the eviction of Ms. Johnson, and is entitled to have Ms. Johnson evicted from the property. The trial court noted that Ms. Johnson is still entitled to pursue her discrimination claim against Ms. Sauer in Civil District Court, but did not produce any evidence at the eviction proceeding to support her claim that Ms. Sauer discriminated against her because of her mental conditions.
On appeal, Ms. Johnson asserts two assignments of error: 1) the trial court erred in overruling her exception of lis pendens, and 2) the trial court erred in failing to require that Ms. Sauer prove “good cause” for evicting Ms. Johnson.
*728 We find that the trial court correct ly overruled Ms. Johnson’s exception of lis pendens. La. C.C.P. article 581 provides as follows:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925[1]. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
In Revel v. Charamie, 05-0976, p. 4 (La.App. 4 Cir. 2/15/06), 926 So.2d 582, 584, this Court stated:
17The test for ruling on an exception of lis pendens is to inquire whether a final judgment in the first suit would be res judicata in the subsequently filed suit. Domingue v. ABC Corp., 96-1224, p. 3 (La.App. 4 Cir. 6/26/96), 682 So.2d 246, 248. The exception of lis pendens has the same requirements as the exception of res judicata and is properly granted when the suits involve the same transaction or occurrence between the same parties in the same capacities. Id.
We conclude that Ms. Johnson is not entitled to have the second suit (the eviction suit) dismissed under the doctrine of lis pendens because a final judgment in the discrimination case would not be res judicata in the eviction proceeding. The parties stipulated that the initial term of the lease between them expired on March 31, 2011, and after that date, the lease provided for an automatic renewal on a month-to-month basis only. As this Court has stated, “[i]t is clear under Louisiana law, that the owner, at the expiration of a lease, whether month to month, or a fixed term, has the right to demand possession of his property without giving any reason.” (Emphasis added); Capone v. Kenny, 94-0888 (La.App. 4 Cir. 11/30/94), 646 So.2d 510, 512-513, citing Mascaro v. Hudson, 496 So.2d 428, 430 (La.App. 4 Cir. 1986). Thus, even if Ms. Johnson were to receive judgment in her favor on the issue of discrimination, Ms. Sauer would still be able to evict Ms. Johnson without giving any reason because of the fact that the lease is on a month-to-month basis. However, we note, as did the trial court, that Ms. Johnson can still pursue her discrimination claim against Ms. Sauer in Civil District Court, and recover any damages to which she is found to be entitled.
Ms. Johnson’s second argument is that the trial court erred in failing to require that Ms. Sauer prove “good cause” for evicting Ms. Johnson. She cites language in an agreement the parties signed with the Housing Authority of New | «Orleans (“HANO”), called a HAP (“Housing Assistance Payments”) Contract, which set forth certain conditions applicable to housing provided through the Section 8 program. In the section entitled, “Termination of Tenancy by Owner,” the subsection entitled, “Grounds,” states as follows:
During the term of the lease (the initial term of the lease or any extension term), the owner may only terminate the tenancy because of:
(1) Serious or repeated violation of the lease;
(2) Violation of Federal, State, or local law that imposes obligations on the tenant in connection with the occupancy or use of the unit and the premises;
*729 (3) Criminal activity or alcohol abuse (as provided in paragraph c); or
(4) Other good cause (as provided in paragraph d)
Paragraph d under the “Termination of Tenancy by Owner” section is entitled “Other good cause for termination of tenancy,” and states as follows:
(1) During the initial lease term, other good case for termination of tenancy must be something the family did or failed to do.
(2) During the initial lease term or during any extension term, other good cause includes:
(a) Disturbance of neighbors,
(b) Destruction of property, or
(c) Living or housekeeping habits that cause damage to the unit or premises.
(3) After the initial lease term, such good cause includes:
(a) The tenant’s failure to accept the owner’s offer of a new lease or revision;
(b) The owner’s desire to use the unit for personal or family use or for a purpose other than use as a residential rental unit; or
(c) A business or economic reason for termination of the tenancy (such as sale of the property, renovation of the unit, the owner’s desire to rent the unit for a higher rent).
Although inartfully worded, the above-quoted language requires that a landlord/owner prove “good cause” for an eviction only during the initial term of the lease or during an extension term. Ms. Johnson argues that her month-to-month continuation of the lease after the initial term, which ended on March 31, |a2011, constituted an extension of the lease, and therefore, Ms. Sauer was required to prove “good cause” to evict her.
A similar argument was rejected by the Third Circuit in the case of Granger v. Tri-Tech, LLC, 07-1392 (La.App. 3 Cir. 4/2/08), 981 So.2d 88. In the Granger case, as in the instant case, it was undisputed that the tenant had remained on the premises after the expiration of the initial lease term, had continued to pay rent to the landlord, and that the landlord had continued to receive the rental payments. The question presented in the Granger case was whether the tenant’s continued presence was due to an extension of the lease, and therefore subject to a fixed term, or was on a month-to-month basis by virtue of reconduction and therefore subject to termination. The Granger court held that because the tenant failed to offer proof regarding the nature of its continued presence on the property, i.e. that the tenant availed itself of the option to renew, the trial court correctly found that the lease reconducted to a month-to-month lease pursuant to La. Civil Code article 2723.[2] Id., pp. 4-5, 981 So.2d at 91-92. In reaching that ruling, the Granger court relied on the case of Governor Claiborne Apartments, Inc. v. Attaldo, 256 La. 218, 235 So.2d 574, 577 (La.1970), which stated:
While assent to a contract may be implied, that implication must be estab *730 lished and cannot be presumed. Defendant’s burden was to establish a lease for a fixed term. He had to prove a meeting of the minds of the contracting parties that their relationship as lessor and lessee was for the alleged fixed term, by either express language or by circumstances (action or inaction) that | innecessarily implied the proposition. The facts and circumstances of the instant case establish only the existence of a lease by the month between the parties because of the reconduction of the written lease.
Although the lease in the Granger case included language regarding an “option to renew,” whereas the lease in the instant case refers to an “extension term,” we find that the same principle applies. Ms. Johnson offered no proof that the parties had agreed to an extension term of the lease, thereby extending the “good cause” requirement included in the HAP contract. The evidence and stipulations presented at the eviction proceeding established only the existence of a month-to-month lease between the parties after the initial lease term expired on March 81, 2011. As such, Ms. Sauer was entitled to possession of the premises after that date, without giving any reason, after providing Ms. Johnson with the thirty (30) day notice of non-renewal. We find no merit in Ms. Johnson’s argument that the trial court erred in failing to require that Ms. Sauer prove “good cause” for the eviction.
For the reasons stated above, we affirm the trial court’s judgment.
AFFIRMED

. The exception of lis pendens is included in a list of declinatory exceptions in La. C.C.P. article 925.

. La. Civil Code article 2723 states, in pertinent part,
"The term of a reconducted nonagricultural lease is: (1) From month to month in the case of a lease whose term is a month or longer.”
La. Civil Code article 2721 states, in pertinent part:
"A lease with a fixed term is reconducted if, after the expiration of the term, and without notice to vacate or terminate or other opposition by the lessor or the lessee, the lessee remains in possession: ... (2) For one week in the case of other leases with a fixed term that is longer than a week.”